UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZEESHAN ALAM ANSARI, §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>JANET NAPOLITANO, Secretary of the §<br>Department of Homeland Security, et al., §<br>    Defendants. § | No. 3:13-CV-471-L (BF) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), this case has been referred to United States Magistrate Judge Paul D. Stickney. Before the Court is Defendants Janet Napolitano, Secretary of the United States Department of Homeland Security; Alejandro Mayorkas, Director of United States Citizenship and Immigration Services ("USCIS"); Lisa Kehl, District Director of Dallas Field Office of USCIS of the Department of Homeland Security; Eric Holder, United States Attorney General; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation's (collectively, "Defendants") Motion to Dismiss Petition as Moot ("Motion to Dismiss") [D.E. 22]. For the following reasons, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss [D.E. 22].

**DISCUSSION**

On January 31, 2013, Plaintiff Zeeshan Alam Ansari ("Plaintiff") filed his Complaint alleging that the USCIS failed to timely issue a decision regarding his Application to Register Permanent Residence or Adjust Status ("Application") and seeking an order from the Court mandating Defendants to issue a decision regarding Plaintiff's Application. *See* Compl. [D.E. 2 at 1-4]. Plaintiff also seeks attorneys' fees for Defendants' alleged "breach of duty to act." *See id.* [D.E. 2 at 4].

Plaintiff contends that he was admitted into the United States as a derivative under his mother's asylum application in 1995 and filed his Application in 2003. *See id.* [D.E. 2 at 1]. Plaintiff contends that as of the date of the filing of his Complaint, the USCIS still has not issued a decision regarding his Application. *See id.* [D.E. 2 at 3].

On November 19, 2013, Defendants filed their Motion to Dismiss arguing that Plaintiff's Complaint is moot because the USCIS issued a decision denying his Application on October 10, 2013. *See* Mot. to Dismss [D.E. 22 at 1]. Therefore, Defendants ask that the Court dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because there is no case or controversy before the Court. *See* Mot. to Dismiss [D.E. 22 at 1-2]. On December 24, 2013, Plaintiff filed his response asking the Court to deny Defendants' Motion to Dismiss because Plaintiff is planning to re-apply for adjustment of status and if the Court does not issue a ruling here, Defendants can take another 10 years to issue a decision on his re-application. *See* Resp. [D.E. 24 at 1]. In the response, Plaintiff argues that this case is capable of repetition, and evading review, and that there are other similarly situated people who will suffer the same consequences if the Court does not issue a ruling. *See id.* [D.E. 24 at 1-2]. On January 7, 2014, Defendants filed their reply to Plaintiff's response arguing that the Court cannot issue a ruling on an application that is not yet in existence. *See* Reply [D.E. 26 at 2]. Further, Defendants argue that while Plaintiff contends this case is not moot because it is capable of repetition, Plaintiff failed to meet this exception to the mootness doctrine wherein Plaintiff must show that (1) the duration of the challenged action is too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action. *See id.* [D.E. 26 at 2]; *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735 (2008). Defendants contend that Plaintiff alleges that the adjudication

of his application took too long and therefore, he does not meet the first prong of the exception and that he provides only speculation regarding the second prong which is not sufficient. *See* Reply [D.E. 26 at 2].

The undersigned recommends that the Court grant Defendants' Motion to Dismiss given that the relief sought in Plaintiff's Complaint is an order from the Court requiring Defendants to rule on Plaintiff's Application, and a decision denying Plaintiff's Application has subsequently issued. In addition, Plaintiff has not shown that this case is an exception to the mootness doctrine, particularly in light of the fact that Plaintiff is contending that the duration of the challenged action, namely, USCIS's review of Plaintiff's Application, is taking so long that it constitutes a breach of duty. Further, the fact that Plaintiff intends to file another application only provides Defendants an opportunity to again engage in the alleged conduct, which is not sufficient to meet the reasonable expectation prong of the exception. *See Libertarian Party v. Dardenne*, 595 F.3d 215, 217-18 (5th Cir. 2010) ("By proving opportunity, Appellants have only demonstrated a 'physical or theoretical possibility' that the Secretary may repeat his actions, and such a demonstration is insufficient to meet their burden under the 'capable of repetition' prong." (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1211 (8th Cir.1992))). With respect to Plaintiff's request for attorneys' fees, as Defendants point out, such request should be denied because Plaintiff has not demonstrated an entitlement to fees. Therefore, Defendants' Motion to Dismiss should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss [D.E. 22] and dismiss Plaintiff's Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(1).

**SO RECOMMENDED**, this 14th day of July, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).